IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

NORFOLK DIVISION

FILED
IN OPEN COURT

APR -3

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | CRIMINAL NO. 2:09cr49 |
| v. | ) | |
| | ) | 18 U.S.C. § 1347 |
| RONALD POULIN, | ) | Health Care Fraud |
| | ) | (Count 1) |
| Defendant. | ) | |
| | ) | 18 U.S.C. § 1035 |
| | ) | False Statements Relating to |
| | ) | Health Care Matters |
| | ) | (Counts 2-44) |
| | ) | |
| | ) | 18 U.S.C. § 1519 |
| | ) | Alteration of Records to Obstruct Investigation |
| | ) | (Count 45) |
| | ) | |
| | ) | 18 U.S.C. § 982(a)(7) |
| | ) | Forfeiture |

INDICTMENT

APRIL 2009 TERM – at Norfolk, Virginia

COUNT ONE

THE GRAND JURY CHARGES THAT:

During the period from in or about January 2006 through August 2008, in the Eastern District of Virginia, RONALD POULIN, the defendant, knowingly and willfully executed and attempted to execute a scheme and artifice to defraud Medicare and TRICARE, health care benefit programs as defined in Title 18, United States Code, Section 24(b), and to obtain, by means of materially false and fraudulent pretenses, representations and promises, money owned by and under the custody and control of said health care benefit programs, in connection with the

delivery of and payment for health care benefits, items and services, which scheme and artifice, and the execution thereof, were in substance as follows:

1. At all material times, RONALD POULIN, the defendant, was a hematologist and oncologist, licensed in Virginia, who operated and managed Virginia Hematology Oncology, PLLC, a medical practice formerly located in Norfolk and presently operating in Virginia Beach, Virginia.

2. Medicare is a federally funded health insurance program for people 65 years of age or older, certain younger people with specific disabilities, and people with end-stage renal disease.

3. TRICARE is a federally funded and managed health care program for active and retired members of the military and their families.

4. The object of the scheme and artifice devised and executed by the defendant was to obtain health care benefit payments from Medicare and TRICARE to which the defendant was not entitled, by submitting and causing to be submitted false, fraudulent and fictitious claims to said programs.

5. It was a part of said fraudulent billing scheme that the defendant submitted and caused to be submitted claims for payment to Medicare and TRICARE which represented that a certain amount of chemotherapy drugs, including Rituxan, Herceptin, Taxotere, Avastin, Eloxatin, Camptosar and Gemzar, had been administered to patients, when in fact, as the defendant knew, a smaller amount had actually been administered to said patients. By fraudulently billing Medicare and TRICARE for a greater amount of chemotherapy drugs than patients actually received, the defendant received payments from said programs to which he was not entitled.

6. It was a further part of said fraudulent billing scheme that the defendant submitted and

caused to be submitted claims for payment to Medicare and TRICARE which represented that a patient had been injected with a full single-dose vial containing 40,000 units of Procrit, a drug administered to patients with anemia to promote red blood cell count, when in fact, as the defendant knew, the patient had actually received only 20,000 units, or half a vial. The remaining half vial of Procrit, containing 20,000 units, was subsequently administered to another patient, but billed as if said patient had received a full vial, or 40,000 units. In effect, one single-dose vial containing 40,000 units of Procrit was split between two patients in half doses of 20,000 units, but the defendant billed as if each patient had received a full 40,000 unit dose. By fraudulently billing Medicare and TRICARE for a greater amount of Procrit than patients actually received, the defendant received payments from said programs to which he was not entitled.

7. It was a further part of said fraudulent billing scheme that the defendant submitted and caused to be submitted claims for payment to Medicare and TRICARE which represented that a patient was diagnosed with renal disease, for which the administration of Procrit is a covered service authorized for payment by said programs. In fact, as the defendant knew, the administration of Procrit to the patient and the patient's corresponding office visit was not medically reasonable because he did not establish that renal disease was the cause of the patient's anemia nor did he conduct a diagnostic work-up to determine the cause of the underlying renal insufficiency and whether it was reversible or remediable. By representing to Medicare and TRICARE that the patient's anemia was due to chronic kidney disease, the defendant received payments from said programs to which he was not entitled.

8. It was a further part of said fraudulent billing scheme that the defendant submitted

and caused to be submitted claims for payment to Medicare and TRICARE which represented that a patient was examined by a doctor during an office visit, when in fact, as the defendant knew, the examination lacked the components necessary to justify the level at which the office visit was billed. By fraudulently billing Medicare and TRICARE for office visits that involved a higher level of medical examination than was actually rendered, the defendant received payments from said programs to which he was not entitled.

9. As a result of the aforesaid fraudulent scheme and artifice, the defendant obtained health care benefit payments from Medicare and TRICARE exceeding $850,000.00, to which he was not entitled.

(In violation of Title 18, United States Code, Section 1347.)

## COUNTS TWO THROUGH ELEVEN

THE GRAND JURY FURTHER CHARGES THAT:

On or about the dates set forth below, in the Eastern District of Virginia, RONALD POULIN, the defendant, in a matter involving a health care benefit program as defined in Title 18, United States Code, Section 24(b), did knowingly and willfully (1) falsify, conceal and cover up by a trick, scheme and device a material fact, and (2) make a materially false, fictitious and fraudulent statement and representation, and make and use a materially false writing and document knowing the same to contain a materially false, fictitious and fraudulent statement and entry, in connection with the delivery of and payment for health care benefits, items and services, in that the defendant submitted and caused to be submitted to Medicare and TRICARE the following claims for health care benefit payments, each of which falsely and fraudulently represented that a certain amount of chemotherapy drugs, including Rituxan, Herceptin,

Taxotere, Avastin, Eloxatin, Camptosar and Gemzar, had been administered to patients, when in fact, as the defendant knew, a smaller amount had actually been administered to said patients. Each claim is a separate count of this indictment as indicated:

| COUNT | DATE OF CLAIM | DATE OF SERVICE | BENEFIT PROGRAM | DRUG | PATIENT |
|---|---|---|---|---|---|
| Two | 8/3/2006 | 8/1/2006 | Medicare | Eloxatin | O.W. |
| Three | 2/5/2007 | 2/1/2007 | Medicare | Camptosar | P.S. |
| Four | 9/12/2007 | 9/4/2007 | Medicare | Herceptin | D.K.C. |
| Five | 10/12/2007 | 9/20/2007 | Medicare | Taxotere | R.B. |
| Six | 10/23/2007 | 9/25/2007 | Medicare | Taxotere | P.F. |
| Seven | 10/23/2007 | 9/27/2007 | Medicare | Rituxan | W.D. |
| Eight | 11/30/2007 | 11/1/2007 | Medicare | Avastin/Gemzar | P.S. |
| Nine | 12/17/2007 | 12/14/2007 | Medicare | Rituxan | J.P. |
| Ten | 4/28/2008 | 4/22/2008 | Medicare | Avastin | P.F. |
| Eleven | 8/5/2008 | 7/30/2008 | Medicare and Tricare | Avastin | B.R. |

(In violation of Title 18, United States Code, Section 1035).

COUNTS TWELVE THROUGH TWENTY-ONE

THE GRAND JURY FURTHER CHARGES THAT:

On or about the dates set forth below, in the Eastern District of Virginia, RONALD POULIN, the defendant, in a matter involving a health care benefit program as defined in Title 18, United States Code, Section 24(b), did knowingly and willfully (1) falsify, conceal and cover up by a trick, scheme and device a material fact, and (2) make a materially false, fictitious and fraudulent statement and representation, and make and use a materially false writing and document knowing the same to contain a materially false, fictitious and fraudulent statement and

5

entry, in connection with the delivery of and payment for health care benefits, items and services, in that the defendant submitted and caused to be submitted to Medicare and TRICARE the following claims for health care benefit payments which represented that a patient had been injected with a full single-dose vial containing 40,000 units of Procrit, a drug administered to patients with anemia to promote red blood cell count, when in fact, as the defendant knew, the patient had actually received only 20,000 units, or half a vial. Each claim is a separate count of this indictment as indicated:

| COUNT | DATE OF CLAIM | DATE OF SERVICE | BENEFIT PROGRAM | PATIENT |
|---|---|---|---|---|
| Twelve | 3/6/2006 | 3/3/2006 | Medicare and Tricare | J.C. |
| Thirteen | 4/9/2007 | 4/6/2007 | Medicare | D.K.C. |
| Fourteen | 6/4/2007 | 1/5/2007 | Medicare | J.Q. |
| Fifteen | 6/8/2007 | 6/7/2007 | Medicare | R.B. |
| Sixteen | 8/1/2007 | 7/9/2007 | Tricare | D.H. |
| Seventeen | 10/23/2007 | 9/28/2007 | Medicare | E.M. |
| Eighteen | 1/30/2008 | 1/17/2008 | Medicare | H.C. |
| Nineteen | 3/18/2008 | 3/6/2008 | Medicare | P.F. |
| Twenty | 3/31/2008 | 3/20/2008 | Medicare and Tricare | R.K. |
| Twenty-one | 6/20/2008 | 6/13/2008 | Medicare | J.M. |

(In violation of Title 18, United States Code, Section 1035).

COUNTS TWENTY-TWO THROUGH THIRTY-FOUR

THE GRAND JURY FURTHER CHARGES THAT:

On or about the dates set forth below, in the Eastern District of Virginia, RONALD POULIN, the defendant, in a matter involving a health care benefit program as defined in Title

18, United States Code, Section 24(b), did knowingly and willfully (1) falsify, conceal and cover up by a trick, scheme and device a material fact, and (2) make a materially false, fictitious and fraudulent statement and representation, and make and use a materially false writing and document knowing the same to contain a materially false, fictitious and fraudulent statement and entry, in connection with the delivery of and payment for health care benefits, items and services, in that the defendant submitted and caused to be submitted to Medicare and TRICARE the following claims for health care benefit payments which represented that a patient was diagnosed with renal disease, for which the administration of Procrit is a covered service authorized for payment by said programs, when in fact, as the defendant knew, the administration of Procrit to the patient and the patient's corresponding office visit was not medically reasonable because he did not establish that renal disease was the cause of the patient's anemia nor did he conduct a diagnostic work-up to determine the cause of the underlying renal insufficiency and whether it was reversible or remediable. Each claim is a separate count of this indictment as indicated:

| COUNT | DATE OF CLAIM | DATE OF SERVICE | BENEFIT PROGRAM | PATIENT |
|---|---|---|---|---|
| Twenty-two | 9/12/2007 | 9/4/2007 | Medicare | C.N.G. |
| Twenty-three | 10/23/2007 | 9/25/2007 | Medicare and Tricare | G.A.B. |
| Twenty-four | 10/23/2007 | 9/24/2007 | Medicare | M.S.D. |
| Twenty-five | 10/23/2007 | 9/25/2007 | Medicare | S.T. |
| Twenty-six | 10/24/2007 | 10/2/2007 | Medicare | J.T. |
| Twenty-seven | 10/25/2007 | 10/9/2007 | Medicare | E.N. |
| Twenty-eight | 11/8/2007 | 11/5/2007 | Medicare and Tricare | A.A.P. |
| Twenty-nine | 11/27/2007 | 9/4/2007 | Medicare and Tricare | M.P. |
| Thirty | 11/30/2007 | 11/13/2007 | Medicare | C.A. |
| Thirty-one | 3/3/2008 | 12/27/2007 | Medicare | M.T. |

| | | | | |
|---|---|---|---|---|
| Thirty-two | 3/31/2008 | 3/19/2008 | Medicare and Tricare | F.L. |
| Thirty-three | 3/31/2008 | 3/26/2008 | Medicare | R.A.R. |
| Thirty-four | 7/29/2008 | 7/25/2008 | Medicare | W.R.S. |

(In violation of Title 18, United States Code, Section 1035).

## COUNTS THIRTY-FIVE THROUGH FORTY-FOUR

On or about the dates set forth below, in the Eastern District of Virginia, RONALD POULIN, the defendant, in a matter involving a health care benefit program as defined in Title 18, United States Code, Section 24(b), did knowingly and willfully (1) falsify, conceal and cover up by a trick, scheme and device a material fact, and (2) make a materially false, fictitious and fraudulent statement and representation, and make and use a materially false writing and document knowing the same to contain a materially false, fictitious and fraudulent statement and entry, in connection with the delivery of and payment for health care benefits, items and services, in that the defendant submitted and caused to be submitted to Medicare and TRICARE the following claims for health care benefit payments which represented that a patient was examined by a doctor during an office visit, when in fact, as the defendant knew, the examination lacked the components necessary to justify the level at which the office visit was billed. Each claim is a separate count of this indictment as indicated:

| COUNT | DATE OF CLAIM | DATE OF SERVICE | BENEFIT PROGRAM | PATIENT |
|---|---|---|---|---|
| Thirty-five | 8/21/2006 | 8/16/2006 | Medicare and Tricare | R.K. |
| Thirty-six | 1/31/2007 | 10/10/2007 | Medicare | G.B. |
| Thirty-seven | 4/09/2007 | 4/06/2007 | Medicare | D.K.C. |
| Thirty-eight | 5/30/2007 | 5/24/2007 | Medicare | P.S. |
| Thirty-nine | 6/04/2007 | 3/07/2007 | Medicare | R.J. |

8

| Forty | 10/23/2007 | 9/28/2007 | Medicare | E.M. |
| Forty-one | 10/23/2007 | 9/25/2007 | Medicare | S.T. |
| Forty-two | 3/18/2008 | 3/6/2008 | Medicare | P.F. |
| Forty-three | 3/31/2008 | 3/26/2008 | Medicare | R.R. |
| Forty-four | 7/15/2008 | 7/9/2008 | Medicare | F.T. |

(In violation of Title 18, United States Code, Section 1035).

## COUNT FORTY-FIVE

During the period from in or about July 9, 2008 through August 28, 2008, in the Eastern District of Virginia, RONALD POULIN, the defendant, knowingly altered, falsified and made a false entry in a record and document with the intent to impede, obstruct and influence the investigation and proper administration of a matter within the jurisdiction of a department and agency of the United States, in that:

1. At all material times, RONALD POULIN, the defendant, was a hematologist and oncologist, licensed in Virginia, who operated and managed Virginia Hematology Oncology, PLLC, a medical practice located in Virginia Beach, Virginia.

2. On or about July 9, 2008, the defendant was served with two administrative subpoenas issued by the United States Department of Health and Human Services, Office of Inspector General, and the United States Department of Defense, Office of Inspector General, as part of an investigation of the billing practices of the defendant. Each of these subpoenas directed the defendant to produce certain patient medical and billing records. The subpoenas directed the defendant to produce these records by August 15, 2008. At his request, the defendant was granted an extension until September 3, 2008 to produce the records.

3. The defendant, with the intent to impede, obstruct and influence the investigation of

his billing practices, altered, falsified, and made false entries, and directed members of his staff to alter, falsify and make false entries in the patient medical records designated in said subpoenas, including the documentation of patient office visits that did not actually occur and medical services which were not actually provided.

(In violation of Title 18, United States Code, Section 1519.)

### FORFEITURE

The defendant, RONALD POULIN, if convicted of the offense set forth in Count One of this indictment, shall, as part of the sentencing of the defendant pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, forfeit to the United States any property, real or personal, which constitutes or is derived from gross proceeds traceable to said violation, which is subject to criminal forfeiture pursuant to 18 U.S.C. § 982(a)(7).

The property subject to forfeiture includes but is not limited to the following:

1. A sum of money of at least $850,000.00, which is the total amount of gross proceeds of the offense charged in Count One above.

2. All bank accounts, safety deposit boxes and accounts receivable in which Ronald Poulin has an interest, including but not limited to: Thistle Realty, LLC, Virginia Hematology Oncology, PLLC, Towne Bank accounts 221106588, 221139834, 221114319, 221123164, 221117229, 221117202, 221123172 and any and all bank accounts or safety deposit boxes located at Bank of America.

3. All investment accounts in which Ronald Poulin has an interest, including but not limited to accounts held by Equity, Inc. Investment, Cap Apprec. Investment, New Asia Investment, New Horizon Investment, Midcap Val Investment, VA Bond Investment, Int'l Disc. Investment, Latin Amer Investment, EM Eur Med Investment, Real Est. Investment, or Charles

Schwab Moneylink FID BKG SVC LLC Moneyline or transferred from Towne Bank account 221123172 or 221114319.

4. Real property and improvements located at 1504 Oak Hill Court, Virginia Beach, VA titled in the name of Independent Trustees, Inc.

5. Real property and improvements located at 5741 Cleveland Street, Suite 300, Virginia Beach, VA titled in the name of Thistle Realty, LLC.

6. Real property and improvements located at 320 Zelkova Road, Williamsburg, VA titled in the names of Ronald Poulin and Charlotte A. Poulin.

7. Real property and improvements located at 324 Zelkova Road, Williamsburg, VA titled in the names of Ronald Poulin and Charlotte A. Poulin.

8. A 2007 Mercedes-Benz E320, VIN# WDBUF22XX7B166285 titled to Ronald Poulin and Charlotte Ann Poulin.

9. A1998 Audi Sedan, VIN# WAUED28D8WA166974 titled to Ronald Poulin.

10. A 1997 Cadillac Deville, VIN# 1G6KD54Y3VU261605 titled to Ronald Poulin and Charlotte A. Poulin.

11. A 2005 BMW, VIN# 5UXFA13555LY041190 titled to Virginia Hematology Oncology, PLLC owned by Ronald Poulin.

12. A 2003 Land Rover, VIN# SALME114X3A124553 titled to Virginia Hematology Oncology, PLLC owned by Ronald Poulin.

13. Ronald Poulin's interest in a 2007 35 foot in length recreational boat, named Charlotte Ann, Hull ID No. SERF1547B707 titled to Charlotte A. Poulin.

14. The business entity known as Virginia Hematology Oncology, PLLC, 5741 Cleveland Street, Suite 300, Virginia Beach, VA.

Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant shall forfeit substitute property, up to the value of the property subject to forfeiture as described above, if, as a result of any act or omission of the defendant, any such property subject to forfeiture cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

(In accordance with 18 U.S.C. § 982(a)(7).)

<u>United States v. Ronald Poulin</u>
Criminal No. 2:09cr 49

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office.

A TRUE BILL:

_____
FOREPERSON

DANA J. BOENTE
ACTING UNITED STATES ATTORNEY

By: *[signature]*
Alan M. Salsbury
Assistant United States Attorney
Virginia State Bar No. 15682
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Tel. - 757-441-6350
Fax - 757-441-6689
Email - alan.salsbury@usdoj.gov

By: *[signature]*
Katherine Lee Martin
Assistant United States Attorney
Virginia State Bar No. 75120
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Tel. - 757-441-6799
Fax - 757-441-6689
Email - katherine.martin@usdoj.gov